IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |  |
|---|---|---|
| JEWEL A. BEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-019 |
| | ) | |
| ANDREW SAUL, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff appeals the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.    BACKGROUND**

Plaintiff applied for DIB on May 21, 2017, alleging a disability onset date of July 24, 2014. Tr. ("R."), pp. 164-165. Plaintiff was forty-eight years old at her alleged disability onset date and fifty-three years old at the time the Appeals Council ("AC") denied review of the decision currently under consideration. R. 9, 63. Plaintiff alleged disability based on the following conditions: bipolar disorder, anxiety, depression, and bad knees. R. 183. Plaintiff

completed the sixth grade and accrued work history as a cook helper at a fast-food restaurant and cleaner at a hotel. R. 22, 188-190.

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 9, 100-103, 108-112. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), R. 114-115, and the ALJ held a hearing on October 23, 2018. R. 36-62. At the hearing, the ALJ heard testimony from Plaintiff, who appeared with counsel, as well as from Ryan Farrell, a Vocational Expert ("VE"). Id. On February 6, 2019, the ALJ issued an unfavorable decision. R. 12-24.

Applying the sequential process required by 20 C.F.R. §§ 404.1520, the ALJ found:

1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2017.

2. The claimant has not engaged in substantial gainful activity during the period from her alleged onset date of July 24, 2014 through her date last insured of September 30, 2017 (20 C.F.R. §§ 404.1571 *et seq*.)

3. Through the date last insured, the claimant had the following severe impairment: osteoarthritis of the knees, degenerative disc disease of the lumbar spine, obesity, depression and generalized anxiety disorder.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) except the claimant can never climb ladders, ropes or scaffolds.[1] The claimant can never crawl or kneel. The

---

[1] "Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm

  claimant is able to occasionally climb ramps and stairs and can occasionally balance, stoop and crouch. The claimant can work around hazardous sites only occasionally. The claimant is limited to simple, routine and unskilled work with a reasoning level of 2 or less. The claimant must avoid working with the public as customers and must work in a job that does not require high production standards. The claimant can stand up to 20 to 30 minutes at a time and can walk up to 20 to 30 minutes at a time before having to change positions. The claimant can stand and walk for a total of 4 hours in an 8-hour workday. The claimant can sit up to 6 hours in an 8-hour day. The claimant cannot be exposed to temperature extremes.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on May 22, 1966 and was 51 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 CFR 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1565).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

10. Through the date last insured, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 C.F.R. §§ 404.1569, 404.1569(a),

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from July 24, 2014, through September 30, 2017, the date last insured (20 C.F.R. §§ 404.1520(g)).

R. 14-23.

---

or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b).

When the AC denied Plaintiff's request for review of this unfavorable decision, R. 1, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). On February 5, 2020, Plaintiff filed this civil action requesting reversal or remand of the adverse decision of the ALJ. (Doc. no. 1.) Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ (1) improperly considered Plaintiff's subjective complaints in determining her Residual Functional Capacity ("RFC") to consist of light work and erred in not limiting Plaintiff to sedentary work; and (2) failed to carry its step five burden by relying on the VE's testimony, which was based on an unclear hypothetical question. See doc. no. 14 ("Pl.'s Br."); doc. no. 18 (Pl.'s Reply Br.). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 15 ("Comm.'s Br.").

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.   DISCUSSION

### A.   The ALJ Did Not Err In Finding Plaintiff's RFC To Be a Limited Range of Light Work

#### 1.   Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

That is, an ALJ must consider all of a claimant's impairments, severe and non-severe, in combination. Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 825 (11th Cir. 2010) (*per*

6

*curiam*) (citing Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984)); see also 20 C.F.R. § 404.1545(a)(2) ("If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity."). As one of the Commissioner's policy interpretation rulings explains,

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim.

Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (July 2, 1996). That is, in combination with other limitations, a "not severe" impairment may prevent the return to past relevant work or narrow the range of other work that may still be available to a claimant. Id.

## 2.     The Standard for Evaluating Subjective Complaints

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show:  (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Under the applicable regulations, the ALJ must consider "all evidence, including

subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (*per curiam*) (citing 20 C.F.R. § 404.1529(c)(4)).  However, as explained *supra*, under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. See SSR 96-5p; see also 20 C.F.R. § 404.1527(d).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Social Security Ruling 16-3p, clarifies:

> that subjective symptom evaluation is not an examination of an individual's character. . . .
>
> Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms.  We evaluate the intensity and persistence of an individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult . . . .

SSR 16-3p, 2016 WL 1020935, at *14167 (orig. publ. Mar. 16, 2016).

Moreover, this Court is required to uphold the Commissioner's determination regarding subjective complaints if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[2]  As the Eleventh Circuit explained:

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

8

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (internal quotation marks and citations omitted). Finally, in conducting its review, the Court is mindful the question is not whether the ALJ could have reasonably credited Plaintiff's complaints, but rather, "whether the ALJ was clearly wrong to discredit" them. Werner v. Comm'r of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011) (*per curiam*).

### 3. The ALJ Properly Considered Plaintiff's Subjective Complaints

Plaintiff argues the ALJ's decision finding Plaintiff could perform a limited range of light work is not supported by substantial evidence. Pl.'s Br., pp. 6-11; Pl.'s Reply Br., pp. 1-2. Specifically, Plaintiff argues the ALJ erred in discrediting Plaintiff's subjective complaints as not supported by substantial evidence. Pl.'s Reply Br., pp. 1-2. Plaintiff argues the ALJ did not have good cause to discredit Plaintiff's subjective complaints and should have included those complaints in his hypothetical questions to the VE. The Court disagrees. The ALJ found Plaintiff's subjective complaints "concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision." R. 19. The ALJ continued, finding examination records and conservative treatment strongly support the RFC, and further found Plaintiff's subjective complaints were only partially supported. R. 20-21.

The ALJ clearly discussed all of Plaintiff's actual physical limitations associated with those impairments, citing to multiple records containing references to those diagnoses. R. 21. Further, the medical evidence did not support such debilitating knee or back impairments or pain

9

as Plaintiff alleges. R. 20-22, 408-412, 416, 440, 480, 506, 516, 539, 556, 621, 628, 631. Specifically, as to Plaintiff's reports of debilitating pain, the medical evidence shows Plaintiff was not a candidate for surgery, her symptoms could be managed with conservative treatment, MRI results revealed an overall healthy appearing lumbar spine showing "very mild" and no significant degenerative changes, and testing of her knees showed unremarkable results with normal x-rays. R. 440, 556, 579, 618, 621. Additionally, several of the Plaintiff's physical examinations corroborated the medical evidence, revealing Plaintiff could walk with a normal gait and demonstrate a full range of motion. R. 409, 411-13, 453, 460, 480, 506, 516, 539, 556, 628, 631. The ALJ also accounted for the pain in the RFC by limiting Plaintiff to light work in which she can never crawl, kneel, climb ladders, climb ropes, climb scaffolds, stand for more than twenty to thirty minutes at a time, or walk for more than twenty to thirty minutes at a time. R. 18. Notably the ALJ's finding on Plaintiff's RFC added more restrictive limitations than the prior administrative findings of State agency medical consultants Ramana Reddy, M.D., and M. Bijpuria, M.D. R. 73-75, 92-94.

In the Eleventh Circuit, "[a] medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling." Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988) (citations omitted); Duval v. Comm'r of Soc. Sec., 628 F. App'x 703, 709-11 (11th Cir. 2015) (*per curiam*) (affirming ALJ's reliance on medication controlling claimant's symptoms as basis for discounting both physician opinion and claimant's subjective complaints). Minimal or no treatment for an alleged disabling condition may be validly considered by an ALJ in discrediting a claimant's subjective complaints. Castle v. Colvin, 557 F. App'x 849, 853 (11th Cir. 2014); Gamble v. Colvin, No. 5:13-CV-01959-SLB, 2015 WL 2095064, at *6 (N.D. Ala. May 5, 2015). Moreover, an ALJ may consider the level of treatment sought when considering

subjective complaints and may draw an adverse inference so long as any explanation for failure to seek treatment is considered. Jarrell, 433 F. App'x at 814; Brown v. Comm'r of Soc. Sec., 425 F. App'x 813, 817 (11th Cir. 2011) (*per curiam*).

Plaintiff's attempt to interpret the facts differently than the ALJ by pointing to select facts favoring her view of disability provides no basis for this Court to reverse or remand. This Court's job is not to review the administrative record *de novo*, but rather is to review the record for substantial evidence to support the Commissioner's factual findings, and if so found, uphold the Commissioner even if the evidence preponderates in favor of the claimant. See Crawford, 363 F.3d at 1158-59. That a different result is *possible*, does not mean the Commissioner's decision must be reversed. The ALJ's decision makes clear he adequately considered the record as a whole, including Plaintiff's subjective complaints, when determining her RFC. The ALJ acknowledged Plaintiff's subjective complaints, but after an extensive review of the record, determined the complaints were not credible at the level of intensity claimed or with limiting effects that would preclude her from performing light work with the extensive list of limitations in the RFC. Thus, the ALJ properly considered Plaintiff's subjective complaints.

### 4. The ALJ Did Not Err in Finding Plaintiff Capable of More than Sedentary Work

Plaintiff also argues the ALJ erred in finding Plaintiff had the RFC to perform a limited range of light work as opposed to only sedentary work. Specifically, Plaintiff argues because the ALJ found Plaintiff can stand and walk for a total of four hours in an eight-hour workday, Plaintiff's capacity to stand and walk should be categorized as occasionally rather than frequently, and therefore the ALJ erred in finding Plaintiff had the RFC for limited light work. R. 18. Under the SSR definitions "occasionally" means occurring very little, up to

one-third of the time, while "frequently" means occurring between one-third and two-thirds of the time. SSR 83-10, 1983 WL 31251, at *5 (S.S.A. 1983-91). Further, under the CFR and SSR, sedentary work includes jobs requiring the capacity to stand and walk occasionally, while light work includes jobs requiring the capacity to stand and walk frequently. 20 C.F.R. § 404.1567(a)-(b); SSR 83-10, 1983 WL 31251, at *5 (S.S.A. 1983-91). Thus, Plaintiff argues since the ALJ found she could only stand or walk up to four hours in an eight-hour workday, which is less than two-thirds of the workday, Plaintiff could not have the RFC for light work requiring frequent standing or walking.

Plaintiff's argument misconstrues both how the CFR and SSR categorize RFC and the ALJ's finding on Plaintiff's RFC. First, an RFC is not the least work a person can do despite their limitations, but the most. 20 C.F.R. § 404.1545; SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. 1996). Therefore, any person who can satisfy all criteria within one RFC and then more, is correctly moved up to the next category. Here, the ALJ found Plaintiff could stand or walk up to four hours in an eight-hour workday, which is more than one-third of the workday, and beyond the criteria of sedentary work. Thus, the ALJ did not err on this basis in finding Plaintiff could do more than sedentary.

Furthermore, contrary to Plaintiffs contentions, the ALJ did not find Plaintiff had the RFC for a full range of light work but rather a limited range of light work. To qualify for a full range of light work, a Plaintiff must be able to do substantially all the activities required. See 20 C.F.R. § 404.1567(b). That is, Plaintiff must be capable of jobs requiring frequent walking or standing, or jobs involving sitting most of the time with some pushing and pulling of arm or leg controls. Id. Since the ALJ found Plaintiff could stand or walk up to four hours in an eight-hour workday, which is less than the maximum required for full range of

light work, the ALJ correctly determined Plaintiff could not perform a full range of light work. However, as Plaintiff could still perform jobs requiring walking or standing more than one-third but less than one-half of the time, or perform jobs sitting most of the time with some pushing or pulling of arm or leg controls, the ALJ did not err in finding Plaintiff had the RFC for a limited range of light work.

### B. The ALJ Properly Relied on the VE's Testimony to Determine Plaintiff Was Not Disabled

Plaintiff argues the ALJ erred at step five because the hypothetical question posed to the VE failed to account for Plaintiff's subjective complaints and failed to provide sufficient clarity for a ruling to be made. Pl.'s Br., pp. 10-11; Pl.'s Reply Br., pp. 1-4. As explained below, substantial evidence supports the ALJ's findings.

At step five, the burden shifts to the SSA "'to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.'" Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)) (citing Bloodsworth, 703 F.2d at 1240). "Although the burden temporarily shifts as step five 'the overall burden of demonstrating the existence of a disability as defined by the Social Security Act unquestionably rests with the claimant.'" Id. (quoting Doughty v. Apfel, 245 F.3d 1274, 1280 11th Cir. 2001)).

In making the step five determination whether jobs exist in the national economy in significant numbers that the claimant could perform in spite of her impairments, the ALJ may consider the testimony of the VE and data drawn from the Dictionary of Occupational Titles ("DOT", of which the Social Security Administration takes notice. Id. at 1360 (citing 20 C.F.R. § 404.966). In relying on the testimony of a VE, the underlying assumptions of the hypothetical

questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain, 814 F.2d at 619-20; Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985); see also Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.") (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).)  Where the VE's testimony is based on a hypothetical question including limitations from the RFC finding and the RFC is supported by the record evidence, the VE's testimony supports the ALJ's decision. Carroll v. Soc. Sec. Admin., Comm'r, 453. F. App'x 899, 894-95 (11th Cir. 2011).  However, a hypothetical question need not incorporate alleged impairments that the ALJ has properly discredited or found to be unsupported by the medical evidence. Crawford, 363 F.3d at 1161 ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported.").

Furthermore, although the Eleventh Circuit has noted other circuits have rejected the contention that simply limiting a hypothetical question to simple, routine tasks or unskilled work may not generally account for limitations in concentration, persistence, and pace, there are other ways to account for such limitations in formulating a valid hypothetical for the VE. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180-81 (11th Cir. 2011).

> [W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations. Additionally, other circuits have held that hypothetical questions adequately account for these limitations in concentration, persistence, and pace when the questions otherwise implicitly account for these limitations.

Id. at 1180; see also Lee v. Comm'r, Soc. Sec. Admin., 551 F. App'x 539, 541 (11th Cir. 2014); Washington v. Soc. Sec. Admin., Comm'r, 503 F. App'x 881, 883 (11th Cir. 2013).

The hypothetical posed by the ALJ included the following after the VE was sworn in:

ALJ: I want you to consider a hypothetical person that's 50 and overweight with a limited education where she can only do a reduced range of light work, where this person can never climb ladders, ropes or scaffolds, crawl or kneel; can occasionally climb ramps and stairs, balance, stoop and crouch; only work around hazardous sites occasionally; work needs to be simple and routine, unskilled with a reasoning level of [two] or less, where she can avoid working with the public as customers and a job that doesn't require high production standards. Her standing tolerance is about 20 minutes to 30 minutes at a time; her walking is also about 20 to 30 minutes at a time, before she has to change position. She can sit up to six hours in an eight-hour day. Any questions about any of those?

VE: . . . Your Honor, would there be a total limit to her standing and walking throughout the day?

ALJ: Let's see, you want them individually for standing?

VE: Certainly, I usually take them in combination, whatever.

ALJ: All right, standing, standing and walking, say four out of eight, without interruption on standing, 20 to 30 minutes; walking 20 to 30 minutes. Is that better?

VE: Understood. Yes, sir.

ALJ: Okay. That's some time overload, unclear about the tolerances but let's go with that.

R. 58. The VE opined those limitations would prevent Plaintiff from performing any past relevant work but did identify three light, unskilled jobs with an SVP level of two: marker, order caller, and electronics worker. R. 23, 57-60. The ALJ accepted the VE's testimony as consistent with the DOT and Plaintiff's RFC, finding there were jobs in the national economy Plaintiff could perform. R. 23.

Plaintiff argues the ALJ did not provide a clear hypothetical for the VE to make a proper determination, because the ALJ failed to address what "changing positions" entailed. Additionally, Plaintiff argues the ALJ did not properly address Plaintiff's capacity to walk or stand in the hypotheticals to the VE, which included limitations to standing or walking for twenty to thirty minutes at a time before needing to change positions, despite Plaintiff's subjective complaints of pain after ten minutes of standing or walking.

An ALJ need not list every symptom as long as the hypothetical provides a complete picture of the RFC either by explicitly including impairments or implicitly accounting for such limitations. Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1047 (11th Cir. 2020) (citing Ingram v. Comm'r of Sco. Sec. Admin., 465 F.3d 1253, 1270 (11th Cir. 2007) and Winschel, 631 F.3d at 1180–81).  Here, the ALJ accounted for Plaintiff's osteoarthritis in her knees and degenerative disc disease of her lumbar spine by limiting her ability to stand or walk at a time to twenty to thirty minutes before needing to change positions. R. 19-20, 58.  Substantial evidence supports only limiting Plaintiff to the above restrictions because medical records revealed Plaintiff had the ability to walk with a normal gait, had normal motor skills, and had a full range of motion. R. 532-33, 650.  Further, some medical records, including MRIs and X-rays, showed only mild degenerative changes with Plaintiff's lumbar spine, no significant disk changes or neural compression, and unremarkable images of Plaintiff's knees. R. 440, 556, 618, 621.  Thus, considering the medical records, the ALJ, accounted for Plaintiff's knee and back disabilities as stated in the RFC.

Specifically, by limiting Plaintiff to twenty to thirty minutes of standing or walking before needing to change positions, and a total of four hours in an eight-hour workday of combined standing and walking, the ALJ accounted for Plaintiff's knee and back impairments.

Thus, because an ALJ need not list every symptom as long as Plaintiff's limitations are at least implicitly accounted for in the RFC and hypothetical to the VE, the Court finds the ALJ's hypothetical, accurately and comprehensively reflected Plaintiff's characteristics and is supported by substantial evidence.

Plaintiff also argues because the ALJ never clarified what "change positions" entailed, the VE's testimony could not qualify as a meaningful answer capable of review. Plaintiff argues "change positions" could mean she can only transition to sitting after walking or standing, or "change positions" could mean switching between any of walking, standing, or sitting. The Court finds this argument unpersuasive because there appeared to be no confusion over what the hypothetical entailed. The VE asked the ALJ to clarify the total time Plaintiff could stand and walk in combination but made no indication of not understanding what "change positions" meant. Further, neither Plaintiff nor Plaintiff's attorney made any statement concerning the lack of clarity about the hypothetical when given a chance at the hearing.

Even if, *arguendo*, the ALJ's statement lacked clarity, the allegedly vague statement does not appear to have been material to the VE's determination. Indeed, the conversation between the ALJ and VE demonstrates the material factor for the VE's determination was the total time Plaintiff would spend upright verse time seated throughout the day, not the sequence in which she changed positions. Such is emphasized when the VE only inquired about the total time after hearing the hypothetical and informed the ALJ he normally "takes [standing and walking] in combination." R. 58. Further, the burden is on the Plaintiff to show she could not perform the jobs the VE testified a hypothetical person with Plaintiff's profile could perform. Plaintiff put forth no evidence that the VE's testimony conflicts with the Dictionary of Occupational Titles' definition of the three jobs he listed under any alleged understanding of "change positions". Nor

did Plaintiff put forth evidence she could not perform the listed jobs under an alleged understanding of "change positions". See Malone v. Colvin, 2015 WL 1471277 at *4 (M.D. Ga. Mar. 31, 2015) (denying Plaintiff's vagueness argument for failing to prove a hypothetical plaintiff could not perform listed jobs).

In sum, the ALJ's hypothetical accurately and comprehensively reflected Plaintiff's characteristics and was supported by substantial evidence. There is no evidence the ALJ's hypothetical was so unclear to prevent a meaningful response, and the ALJ adequately considered Plaintiff's knee and back impairments in the RFC and hypothetical to the VE. Therefore, the Court finds no basis for remand.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 30th day of March, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA